**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Victor Soto, | No. CV 05-2994-PHX-MHM (VAM) |
| Plaintiff, | **ORDER** |
| vs. |  |
| Joseph Arpaio, et. al., |  |
| Defendants. |  |

Plaintiff Victor Soto, previously incarcerated in the Maricopa County Jail in Phoenix, Arizona, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. The Court will dismiss the action without prejudice.

On September 28, 2005, the Court received Plaintiff's Complaint for filing (Doc. #1). The same day, the Court issued a Notice of Assignment to Plaintiff. On September 29, 2005, a copy of the Notice of Assignment was mailed to Plaintiff (Doc. #2). On October 17, 2005, the Notice of Assignment was returned to the Court as undeliverable (Doc. #3). The Court re-sent the Notice of Assignment and on October 26, 2005 (Doc. #4), the mail was returned to the Court as undeliverable with the notation that Plaintiff has been released from custody with no forwarding address. Plaintiff has not provided the Court with his present address.

Local Rule of Civil Procedure 3.4(a) requires that a prisoner-litigant comply with the instructions attached to the court-approved complaint form. Those instructions state: "You

JDDL

1   must immediately notify the clerk . . . in writing of any change in your mailing address.
2   Failure to notify the court of any change in your mailing address may result in the dismissal
3   of your case." Information and Instructions for a Prisoner Filing Civil Rights Complaint at
4   2, ¶ H. To this date, Plaintiff has failed to provide the Court with his current address.

5       Plaintiff was warned that failure to file a notice of change of address could result in
6   the dismissal of the action. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988)
7   (providing that "[a] party, not the district court, bears the burden of keeping the court
8   apprised of any changes in his mailing address."). Plaintiff has not filed a notice of change
9   of address and mail sent to his last know address has been returned. An order to show cause
10  why this action should not be dismissed for failure to prosecute would be futile. See Carey,
11  856 F.2d at 1441 (providing that "[a]n order to show cause why dismissal is not warranted
12  or an order imposing sanctions would only find itself taking a round trip tour through the
13  United States mail"). Accordingly, this case will be dismissed without prejudice.

14  **IT IS ORDERED** that this action is **dismissed** without prejudice pursuant to Rule
15  41(b) of the Federal Rules of Civil Procedure and the Clerk of Court shall **enter judgment**
16  accordingly.

17  DATED this 28th day of February, 2006.

                Mary H. Murgula
                United States District Judge

JDDL